```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
          v.                )   Criminal No. 06-10417-JLT
                            )
GERMAINE CLINKSCALES,       )
          Defendant.        )
```

**PRELIMINARY ORDER OF FORFEITURE**

**TAURO, D.J.**,

WHEREAS, on December 21, 2006, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging Defendant Germaine Clinkscales (the "Defendant") with Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d);

WHEREAS, the Forfeiture Allegation of the Indictment sought the forfeiture, upon conviction of the offense alleged in Count One of the Indictment, of the firearm and ammunition involved in the commission of the offense, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), including without limitation the following:

> a 9 mm UZI semi-automatic rifle, bearing serial number SA61840 (the "Rifle");

WHEREAS, the Indictment further provided that, if the Rifle, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853 (p), as incorporated in 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the Rifle described above;

WHEREAS, on May 31, 2007, the Defendant pled guilty to Count One of the Indictment and admitted that the Rifle was subject to forfeiture;

WHEREAS, as a result of the Defendant's guilty plea and admissions, and pursuant to 21 U.S.C. § 853(a), as incorporated in 28 U.S.C. §2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Rifle, or substitute assets, in a value up to the value of the Rifle.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and admissions, that the Government has established the requisite nexus between the Rifle and the offense to which the Defendant pleaded guilty. Accordingly, the Rifle is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853, as incorporated in 28 U.S.C. § 2461(c).

2.  If the Rifle, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due

diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Rifle, pursuant to 21 U.S.C. § 853(p), as incorporated in 28 U.S.C. § 2461(c).

3. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") shall seize and hold the Rifle in its secure custody and control.

4. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), as incorporated in 28 U.S.C. § 2461(c), ATF will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Rifle in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Rifle must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Rifle, shall be signed by

the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Rifle and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Rifle that are the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Joseph L. Tauro
Joseph L. Tauro
United States District Judge

Date:   3/3/08